# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| LISA DEATON, | : | Case No. 1:16-cv-947 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES (Doc. 27)

This is a Social Security disability benefits appeal in which Plaintiff received past-due benefits after this Court reversed and remanded the case for further proceedings. (Doc. 20 at 2; Doc. 27-4 at 1).

On July 25, 2020, Plaintiff's counsel filed a motion pursuant to 42 U.S.C. § 406(b), seeking attorney fees for services rendered in pursuit of Plaintiff's past-due benefits (the "Motion for Attorney Fees"). (Doc. 27). Thereafter, on July 29, 2020, the Commissioner filed a response stating in relevant part as follows: "The Commissioner's attorneys . . . do not oppose the [Motion for Attorney Fees] because the motion is consistent with § 406(b)'s requirements, is in accord with the fee agreement, and is otherwise reasonable." (Doc. 29 at 1).

Under 42 U.S.C. § 406(b), an attorney who successfully represents a Social Security claimant may seek a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled. 42 U.S.C.

§ 406(b)(1); *see Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994).

The Court must determine the reasonableness of the fees sought subject to the statutory 25 percent cap. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements"; rather, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*.

Here, Plaintiff's counsel seeks $7,250.00 pursuant to a 25 percent contingent-fee agreement. (Doc. 27 at 1; Doc. 27-3 at 1). $7,250.00 represents less than 25 percent of the total past-due benefits Plaintiff received through her counsel's representation.[1] (Doc. 27 at 1; Doc. 27-4 at 1). Upon review, the Court finds that the fee sought is reasonable in light of the significant time expended by Plaintiff's counsel in pursuit of a favorable outcome for her client. (*See* Doc. 27-2 at 1).

Based upon the foregoing, Plaintiff's Motion for Attorneys' Fees (Doc. 27) is **GRANTED**, and the Commissioner is **DIRECTED** to pay Plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of **$7,250.00**.

**IT IS SO ORDERED**.

Date:  8/17/2020                                    s/Timothy S. Black
                                                    Timothy S. Black
                                                    United States District Judge

---

[1] Plaintiff received a total of $39,248.00 in past-due benefits as a result of her counsel's representation. (Doc. 27-4 at 1).

2